## Commonwealth v. Catania.

*William R. Toal*, Assistant District Attorney, for Commonwealth.
*John E. McDonough*, for defendant.

BROOMALL, J., Oct. 18, 1929.—This proceeding was commenced by warrant issued in the name of the Commonwealth before Linvill, justice of the peace, upon oath, charging the defendant, according to the transcript, with "violation of section 1001 of the Auto Laws of Penna." It further appears by the transcript that defendant was arrested on sight and signed a ticket to appear. Defendant appeared at the time fixed and waived a hearing, whereupon he was held in his own recognizance for appearance at the next term of court. The matter came before us for hearing *de novo*.

At the hearing, counsel for defendant moved to quash the proceedings upon the ground that defendant had not been furnished with a copy of the com-

plaint. We then ruled that defendant by waiving a hearing and entering into a recognizance for his appearance at court, also waived any irregularity in his arrest. This is in line with the decision of Judge Knight in Com. *v.* Wahle, 9 D. & C. 719. Had the defendant submitted to a hearing before the magistrate, then appealed from his summary conviction, a different question would be presented. See Com. *v.* Nottage, 11 D. & C. 719.

It appears that the proceedings were commenced under the Act of May 11, 1927, P. L. 886, section 1001, which relates to reckless driving; section 1003, to ignoring railroad signals; section 1036, to ignoring signals by officers, and section 1208 gives the defendant the right to appeal from summary proceedings and provides that defendant "may waive summary hearing and give bond . . . for appearance for trial."

The evidence produced shows that on Dec. 11, 1928, at 10.30 A. M., defendant, in approaching the tracks of a railroad, failed to heed the bell signals alleged to have been given by the watchman at the crossing, in that he did not bring his motor vehicle to a full stop, but continued across the tracks and narrowly escaped being struck by the crossing gates as they were lowered. There was some evidence that the police officer, upon whose complaint defendant was arrested, had signaled him to stop prior to crossing the tracks. The transcript charges reckless driving and refers to section 1001 only. What defendant actually did was to ignore the railroad signals, which is made an offense under section 1003, or refused to stop when signaled to do so by the officer, which is made an offense under section 1036. This is a material variance between the offense charged and the proof, and we cannot possibly construe the ignoring of railroad signals or signals of a police officer into reckless driving, as they are made specific offenses under the act.

And now, to wit, Oct. 18, 1929, defendant is hereby found not guilty of reckless driving under section 1001 of the Act of May 11, 1927, P. L. 886; is discharged from his recognizance, and it is further directed that no costs be paid by the County of Delaware in this case.